IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GINA A. BOTTOM,   Civ. No. 6:13-cv-01106-CL

    Plaintiff,

                                    **ORDER**

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

    Defendant.

CLARKE, Magistrate Judge.

This matter comes before the Court on the stipulation of the parties (#28) that Plaintiff Gina A. Bottom ("Plaintiff") be awarded $5,146.35 in attorney's fees and $400 in costs under the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412.

**BACKGROUND**

On July 1, 2013, Plaintiff filed a Complaint (#1) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying

her application for disability insurance benefits. On July 30, 2014, this Court reversed the Commissioner's decision and remanded for further administrative proceedings (#26). On December 19, 2014, Plaintiff's attorney filed a stipulated application (#28) for EAJA fees.

## LEGAL STANDARD

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the Court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (applying *Hensley* to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See Hensley*, 461 U.S. at 433; *Atkins*, 154 F.3d at 988.

## DISCUSSION

It is undisputed that Plaintiff is a prevailing party. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). By stipulating to the attorney's fees award, the Commissioner concedes its position in denying Plaintiff's application was not "substantially justified" and that no special circumstances render the requested award unjust. Having reviewed the stipulated motion, the Court finds Plaintiff's petition is proper and the amount requested is

reasonable. Therefore, Plaintiff's application (#28) for EAJA fees is GRANTED. Plaintiff is awarded $5,146.35 in attorney's fees and $400.00 in costs pursuant to 28 U.S.C. § 2412.

The amount of this award shall be paid to Plaintiff's attorney upon verification that Plaintiff has no debt qualifying for offset against the award pursuant to the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Because Plaintiff has filed with the Court an assignment of EAJA fees to her attorney, Tassinari Decl. Ex. A, at 1, Defendant shall make the payment directly to Plaintiff's counsel, whose mailing address follows:

> Harder, Wells, Baron & Manning, P.C.
> 474 Willamette Street
> Eugene, Oregon 97401

It is so ORDERED and DATED this ___6___ day of January 2015.

MARK D. CLARKE
United States Magistrate Judge